IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**EULAS LINWOOD HUGHES**                                                                 **PLAINTIFF**

V.                                      CASE NO. 5:19-CV-05013

**NURSE FRAN INFANTE, Turn Key
Medical; LEAD NURSE SHAWNA
STEPHENS, Turn Key Medical;
DR. SAEZ, Turn Key Medical; DEPUTY
KEMP; DEPUTY LYO; DEPUTY FURBY;
DEPUTY COBB; and NURSE JANE DOE**                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Eulas Linwood Hughes, currently an inmate of the Benton County Detention Center ("BCDC"), has filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP").

When he filed the Complaint (Doc. 1), Plaintiff failed to include page 6. He was given time to submit the missing page. It has now been filed as a Supplement (Doc. 6) to the Complaint. Plaintiff has named as Defendants the following: four members of the medical staff at the BCDC, Nurse Infante, Lead Nurse Stephens, Dr. Saez, and Nurse Jane Doe;[1] and four BCDC deputies, Deputy Kemp, Deputy Lyo, Deputy Furby, and Deputy Cobb.[2] With the exception of Deputy Cobb, Plaintiff has sued the Defendants in

---

[1] Plaintiff did not list the Nurse Jane Doe as a Defendant. However, Plaintiff's claim three involves a nurse he says he cannot identify. Therefore, the Court has added Nurse Jane Doe as a Defendant.

[2] Plaintiff did not list Deputy Cobb as a Defendant. However, Plaintiff's claim two is against Deputy Cobb. Therefore, the Court has added Deputy Cobb as a Defendant.

1

both their individual and official capacities. Plaintiff has sued Deputy Cobb in his official capacity only.

Plaintiff's Complaint and Supplement are before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff maintains he is given his medication by non-medically trained guards. He contends on two occasions, October 7, 2018, and January 14, 2019, he was given the wrong medication. Plaintiff alleges that Deputy Furby and Deputy Kemp were involved in the October 7, 2018, incident. When he complained to medical staff about having been given the wrong medication, Plaintiff states he was told that it was his obligation to let the nurse know if he was being given the wrong medication. Plaintiff states he did not realize it was the wrong medication until it was too late. He had already taken it.

With respect to the January 14, 2019, incident, Plaintiff alleges Nurse Jane Doe provided him with the wrong medication. When he showed the nurse the medication was wrong, Plaintiff alleges her response was that she had not packed the pouch containing his medication.

On January 3, 2018, Plaintiff alleges Deputy Cobb stopped him from going to the nurse for his medication. Plaintiff further alleges that the nurse allowed Deputy Cobb

to bar access to her.

Finally, with respect to each of his claims, Plaintiff contends the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") was violated. As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571

3

(8th Cir. 2009). Section 1983 creates no substantive rights but prohibits the deprivation of rights established by the United States Constitution or federal laws. *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a claim, plaintiff must establish that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citation omitted).

"Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The Eighth Amendment's deliberate indifference standard applies to all denial of medical care claims. *Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012). The deliberate indifference standard has both an objective and a subjective component. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

"An objectively serious medical need is one that either has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jones v. Minn. Dep't of Corrs.*, 512 F.3d 478, 481 (8th Cir. 2008) (internal quotation marks and citation omitted).

To prevail on his claim, Plaintiff must demonstrate that: (1) he suffered an objectively serious medical need, and (2) the defendant actually knew of the medical need but, subjectively, was deliberately indifferent to it. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the

inmate." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotation marks and citation omitted). The deliberate indifference standard is not met by the exercise of professional judgment in refusing to implement an inmate's requested course of treatment. *Vaughn v. Gray*, 557 F.3d 904, 908-09 (8th Cir. 2009).

### 1. Distribution of Medication

Plaintiff's claim that is based on the fact that medically trained personnel do not pass out medication fails. This does not state a claim of constitutional dimension. *See, e.g., Griggs v. Livermore*, 2014 WL 979197, at *3 (W.D. Ark. March 13, 2014) ("There is no constitutional requirement that medication be dispersed only by trained medical personnel."); *Booker v. Herman*, 2006 WL 2457230, at *5 (N.D. Ind. Aug. 22, 2006) ("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates."). This allegation states no claim upon which relief can be granted.

### 2. Wrong Medication

Plaintiff's next claim is that Deputy Furby and Deputy Kemp gave him the wrong medications on October 7, 2018, and Nurse Jane Doe gave him the wrong medication on January 14, 2019. Being given the wrong medication only twice over a period of months, and by different individuals, at most constitutes negligence. *See, e.g., Spann v. Roper*, 453 F.3d 1007, 1008 (8th Cir. 2006) ("Nurse Bell did not exhibit deliberate indifference by forcing Spann to take another inmate's medication because it is undisputed this was a mistake"); *McClain v. Howard*, 2015 WL 6123063, at *9 (W.D. Ark. Sept. 21, 2015) (finding

that giving an inmate the wrong medication on a single occasion at most supports a finding that the officer was negligent). The law is well settled that to establish deliberate indifference, Plaintiff must show more than negligence or even gross negligence to establish a constitutional violation for denial of medical care. *See Popoalii v. Corr. Med. Serv's*, 512 F.3d 488, 499 (8th Cir. 2008). The allegations fail to state a claim upon which relief may be granted.

### 3. Interference with Access to Medical Staff

Plaintiff maintains that on January 3, 2018, Deputy Cobb stopped him from going to the "nurse for my meds and the nurses let him." It is well settled that deliberate indifference is manifested "by prison guards . . . intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. However, in this case, Plaintiff alleges only that on a single occasion a deputy, with the nurse's knowledge, prevented Plaintiff from going to the nurse for his medications. Medication distribution at the facility in question was done by the guards. Plaintiff was not denied his medication, nor was he kept from seeing medical personnel for treatment; rather, he simply was not allowed to get his medication from a nurse instead of a deputy. At most, this constitutes negligence. No claim is stated.

### 4. HIPPA

HIPPA does not expressly or impliedly create a private cause of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) ("HIPPA does not create a private right of action"). Thus, to the extent Plaintiff is asserting violations of HIPPA as a cause of action, the claims cannot proceed as a matter of law.

### 5. Personal Liability

Plaintiff does not include any allegations concerning Nurse Infante, Nurse Stephens, Dr. Saez, or Deputy Lyo. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006); *see also Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (same). Plaintiff therefore has not stated claims against Nurse Infante, Nurse Stephens, Dr. Saez, or Deputy Lyo.

### 6. Official Capacity Liability

An official capacity claim against Defendants is the equivalent of a claim against the municipal entity who employs them, here Benton County. *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998). With respect to Benton County, Plaintiff must allege the existence of a custom or policy that was the moving force behind the alleged constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff has made no such allegations. No official capacity claim has been stated.

## IV. CONCLUSION

The claims asserted are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. **<u>The Clerk is directed to enter a § 1915(g) strike flag on this case.</u>**

**IT IS SO ORDERED** on this 7th day of February, 2019.

/s/ Timothy L. Brooks
_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE